IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEVOYD A. JONES, | ) | CASE NO.  3:21-cv-01767-JPC |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE J. PHILIP CALABRESE |
| vs. | ) | |
| | ) | |
| WARDEN ED SHELDON, | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| Respondent. | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |

On September 13, 2021, this Court received Petitioner Levoyd Jones' Petition for Writ of Habeas Corpus.  (Doc. No. 1.)  On October 4, 2021, this Court received Jones' Supplement to his Petition for Writ of Habeas Corpus.  (Doc. No. 3.)  On December 16, 2021, the undersigned issued an Initial Order setting forth the briefing requirements and deadlines for this habeas case.  (Doc. No. 5.)  On January 26, 2022, Respondent moved for an extension of time until February 28, 2022 to file a Return of Writ (Doc. No. 8), which this Court granted the same day.  (Non-document order dated January 26, 2022.)

On February 22, 2022, Jones filed a motion for summary judgment with memorandum in support.  (Doc. No. 9.)  In his motion, Jones argued that because Respondent failed to file a Return of Writ as ordered, summary judgment should be granted in his favor.  (*Id.*)

On February 28, 2022, Respondent timely filed his Return of Writ.  (Doc. No. 11.)

On March 2, 2022, Respondent filed an opposition to Jones' motion for summary judgment (Doc. No. 12), to which Jones replied.  (Doc. No. 13.)  In his reply, Jones erroneously asserted that Respondent had failed to move for an extension of time and had filed his Return of Writ twenty days late.  (*Id.*)

On March 24, 2022, Jones filed his Traverse.  (Doc. No. 14.)

1

On April 1, 2022, Jones stated he had received a few motions by the Respondent late, and had he received them sooner, he would not have filed his motion for summary judgment.  (Doc. No. 15.)  Jones states his motion is now moot.  (*Id.*)

As set forth above, and as Jones recognized in his April 1, 2022 letter, Jones' motion for summary judgment stemmed from his erroneous belief that Respondent failed to timely file a Return of Writ. Moreover, such a motion is unwarranted.  *See, e.g*., Doc. No. 5 at 1 (Court's Initial Order setting forth the case briefing schedule and describing permissible filings); *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) ("[T]his Court has long recognized that a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases[,]'") (quoting *Link v. Wabash R. Co*., 370 U.S. 626, 630–631 (1962)); *see also Black v. Carpenter*, 866 F.3d 734, 742-743 (6th Cir. 2017) (finding that principles of Fed. R. Civ. P. 56 do not apply to a review on the merits of a federal habeas claim).

Accordingly, the undersigned recommends the motion for summary judgment be DENIED.

Date: April 8, 2022                              *s/ Jonathan Greenberg*
                                                 Jonathan D. Greenberg
                                                 United States Magistrate Judge


**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).**