UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEVOYD JONES, | ) | Case No. 3:21-cv-01767 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| WARDEN ED SHELDON, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER

In this habeas action, the Magistrate Judge submitted a Report and Recommendation that the Court deny Petitioner Levoyd Jones's motion for summary judgment. (ECF No. 16.) in this habeas action.

In the Report and Recommendation, the Magistrate Judge summarized the factual and procedural history of the case. (*Id.*) In short, Petitioner moved for summary judgment on ground that Respondent Ed Sheldon failed timely to file his return of writ as the Magistrate Judge ordered. According to the Magistrate Judge, however, Respondent timely filed his return of writ, and Petitioner simply moved for summary judgment too early. (*Id.*)

The Report and Recommendation stated that any objections were due fourteen days after service and advised Petitioner that failure to timely object may waive the right to appeal the Court's order. (*Id.*) The Report and Recommendation was filed on the docket on April 8, 2022 and mailed to Petitioner the same day. Nonetheless, Petitioner has failed to object to the Magistrate Judge's Report and Recommendation.

Under the law of this Circuit, "failure to object to a magistrate judge's Report and Recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

Recently, the Sixth Circuit clarified this rule: failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different than forfeiture." *United States v. Olando*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same."). This difference matters because forfeited issues may, in certain circumstances, nevertheless be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing objections to the Report and Recommendation has passed. Petitioner neither objected, nor provided some legitimate reason why he failed to do so. Further, upon the Court's independent review of the record, there

does not appear to be clear error in the Magistrate Judge's Report and Recommendation. Therefore, the Court **ADOPTS** the Report and Recommendation (ECF No. 16) and **DENIES** Petitioner's motion for summary judgment.

    **SO ORDERED**.

Dated: May 23, 2022

                                    J. Philip Calabrese
                                    United States District Judge
                                    Northern District of Ohio