# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| LEVOYD A. JONES, ) | Case No. 3:21-cv-1767 |
| ) | |
| Petitioner, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | Jonathan D. Greenberg |
| WARDEN ED SHELDON, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## OPINION AND ORDER

In 2009, a jury convicted Petitioner Levoyd Jones on two counts of rape of a minor under the age of ten.  The State trial court sentenced him to two consecutive life sentences.  In 2021, he filed a petition for a writ of habeas corpus.  (ECF No. 1; ECF No. 3.)  The Magistrate Judge recommends denying the petition, and Petitioner objects to that recommendation.  (ECF No. 21; ECF No. 22.)  For the reasons that follow, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Magistrate Judge's report and recommendation, and **DISMISSES** the petition.  The Court **DENIES** as **MOOT** Petitioner's motion for leave to conduct discovery.  (ECF No. 18.)

## FACTUAL AND PROCEDURAL BACKGROUND

Under the Antiterrorism and Effective Death Penalty Act of 1996, the facts established in the State courts "shall be presumed to be correct" unless Petitioner rebuts "the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998).  On direct appeal, the State appellate court set forth the following facts concerning Mr. Jones's

conviction and sentence. (ECF No. 11-1, ¶¶ 8–39, PageID #493–504; *see also State v. Jones*, 2011-Ohio-2173, 2011 WL 1782081, ¶¶ 8–39 (Ohio Ct. App. May 6, 2011).)

On October 30, 2008, a grand jury indicted Petitioner on two counts of rape of a minor under the age of ten in violation of Section 2907.02(A)(1)(b) of the Ohio Revised Code. (*Id.*, ¶ 8, PageID #494; *see also* ECF No. 11-1, PageID #351–52.) Petitioner entered pleas of not guilty. (ECF No. 11-1, PageID #353.) Mr. Jones's alleged victims, two of his nieces, were approximately five- and four-years-old at the time of the offenses. (*Id.*, ¶ 8, PageID #494.) The conduct allegedly occurred between April 26, 2006 and April 25, 2007 and between February 8, 2007 and February 7, 2008. (*Id.*)

After learning of the alleged conduct, the victims' mother brought them both to the hospital for evaluation. (ECF No. 11-2, PageID #1144–48.) Physicians did not prepare rape kits on either victim. (*Id.*, PageID #1145.) Dr. Randall Schlievert examined the alleged victims. (*Id.*, PageID #1146–47.) At trial, Dr. Schlievert, who specializes in child abuse and neglect, testified on behalf of the State. (ECF No. 11-1, ¶ 22, PageID #498–99.) He testified that he conducted physical and emotional evaluations of both alleged victims and that their physical exams were normal. (*Id.*, PageID #499.) According to Dr. Shlievert, a normal physical exam was not unusual in sexual abuse evaluations. (*Id.*) Further, he testified about his examinations of the girls and his conversations with them about their reported abuse. (*Id.*, ¶ 23, PageID #499.) He testified that the purpose of the examinations was to diagnose each of them and to determine if the girls required any further psychological treatment and

2

counseling. (*Id.*) Defense counsel did not object to Dr. Shlievert's testimony on the basis that his conversation with the alleged victims was for any purpose other than treatment and diagnosis. (*Id.*, ¶ 27, PageID #500–01.) Also, Dr. Shlievert testified that it did not appear that the victims had been coached. (*Id.*, ¶ 24, PageID #500.)

On June 1, 2009, before trial, Petitioner requested a competency hearing of both victims before they testified. (*Id.*, ¶ 9, PageID #494.) At the time, they were both under the age of ten. (*Id.*, PageID #354–55.) The State trial court held competency hearings as to each witness. (*Id.*) Over defense counsel's objection, the State trial court found both witnesses competent to testify. (*Id.*; see also ECF No. 11-2, PageID #840–41.) The State trial court found that the older victim was "very capable of giving an accurate impression of facts, was able to recollect things that had happened to her in the past and knew the difference between truth and falsity." (ECF No. 11-1, ¶ 16, PageID #497.) Further, the State trial court found that, although the younger victim was "nervous," she "gave very clear answers to questions asked of her" and could correctly identify the difference between true and false statements. (*Id.*) However, the State trial court did not ask either witness questions about events that occurred as long ago as the alleged crimes. (ECF No. 11-2, PageID #813–40.)

On September 1, 2009, the jury convicted Petitioner of two counts of rape. (ECF No. 11-1, PageID #357.) On September 15, 2009, the State trial court sentenced him to two consecutive life sentences of imprisonment. (*Id.*, PageID #359.)

### A.    Direct Appeal

Petitioner timely appealed his conviction and sentence. (ECF No. 11-1, PageID #360.) Through new counsel, Petitioner asserted five assignments of error: (1) the

competency determination of the minor witnesses; (2) admission of the State's expert opinion; (3) sufficiency of the evidence; (4) ineffective assistance of trial counsel; and (5) the imposition of consecutive sentences. (*Id.*, PageID #370.)  On May 6, 2011, the State appellate court affirmed Mr. Jones's convictions and sentence. (*Id.*, PageID #509.)

On June 16, 2011, through counsel, Mr. Jones filed a notice of appeal to the Ohio Supreme Court. (*Id.*, PageID #511–12.)  He appealed the State trial court's admission of Dr. Schlievert's testimony that he did not believe the victims had been coached and the State trial court's determination that the victims were competent to testify. (*Id.*, PageID #522–25 & #525–28.)  On October 5, 2011, the Ohio Supreme declined to exercise jurisdiction over Petitioner's appeal. (*Id.*, PageID #569.)

Mr. Jones did not petition for certiorari to the United States Supreme Court, and his time to do so expired on January 3, 2012.  The next day, the one-year limitations period for petitioning for a writ of habeas corpus began to run. *See* 28 U.S.C. § 2244(d)(1)(A).

### B.    Post-Conviction Motions

While his direct appeal was pending, Petitioner filed a *pro se* motion for a new trial on April 21, 2010. (ECF No. 11-1, PageID #624–26.)  In support of this motion, Petitioner argued that his life sentences were contrary to State law and amounted to cruel and unusual punishment under the Eighth Amendment. (*Id.*, PageID #625.) He also asserted that he was wrongfully convicted. (*Id.*)  The State trial court denied the motion on May 13, 2010, and Petitioner did not timely appeal the ruling. (*Id.*, PageID #629.)

4

Over the next two and a half years, Petitioner filed two more motions for a new trial in State court. (*Id.*, PageID #570–82 & #631–633.) He filed the first motion on April 11, 2012, and the State court denied it on August 28, 2012. (*Id.*, PageID #570 & #608.) He filed a motion for leave to file a motion for a new trial on December 19, 2012, and the State court denied it on March 4, 2013. (*Id.*, PageID #631 & #661–62.) Petitioner did not appeal either denial.

On October 6, 2020, Petitioner moved to vacate his conviction and sentence. (*Id.*, PageID #664–81.) As grounds for this motion, Petitioner argued that he received ineffective assistance of counsel because trial counsel failed to impeach the complaining witnesses and failed adequately to prepare a defense. (*Id.*, PageID #666–71.) Further, he argued that his convictions were against the manifest weight of the evidence and that the evidence was insufficient to support his convictions because they were based on the victims' testimony. (*Id.*, PageID #671–72.) On similar grounds, he asserted that he was actually innocent, his conviction amounted to a fundamental miscarriage of justice, and the State trial court should have "thrown out" his conviction on count one of the indictment because the testimony at trial did not support that the alleged rape of one victim occurred in the time frame during which the State alleged it had occurred. (*Id.*, PageID #673–74 & #676–79.) Finally, he argued that the prosecutor engaged in misconduct by presenting evidence she knew or should have known to be false. (*Id.*, PageID #674–76.)

Also on October 6, 2020, Petitioner filed a request for appointment of counsel and a motion for expert assistance. (*Id.*, PageID #684–85 & #687–88.) The State trial

court denied Petitioner's requests on October 7, 2020.  (*Id.*, PageID #730 & #732.)  On December 17, 2020, the trial court denied Petitioner's motion to vacate and set aside his judgment and sentence without a hearing because it was untimely and because the doctrine of *res judicata* barred his claims.  (*Id.*, PageID #734–43.)  Specifically, the State trial court found that each of the grounds Petitioner raised in support of his petition to vacate were raised in his direct appeal or could have been raised in that proceeding.  (*Id.*, PageID #740.)  Alternatively, the State trial court found that Petitioner's motion was untimely under Sections 2953.21 and 2953.23 of the Ohio Revised Code.  (*Id.*, PageID #741–43.)

Petitioner filed a notice of appeal dated January 9, 2021, which he erroneously mailed to the incorrect court.  (*Id.*, PageID #744.)  It was not docketed until March 9, 2021.  (*Id.*)  He filed a motion for leave to file a delayed notice of appeal dated February 20, 2021, which was docketed on March 4, 2021.  (*Id.*, PageID #760.)

The State appellate court denied Petitioner's motion as untimely on April 9, 2021.  (*Id.*, PageID #769–71.)  Petitioner appealed this decision to the Ohio Supreme Court on April 30, 2021, and he filed an amended appeal on May 5, 2021.  (*Id.*, PageID #772–806 & #807.)  The Ohio Supreme Court declined to exercise jurisdiction on June 22, 2021.  (*Id.*, PageID #809.)  Mr. Jones did not petition for certiorari to the United States Supreme Court.

### C.    Federal Habeas Petition

On September 13, 2021, Petitioner filed a petition for a writ of habeas corpus, asserting six grounds for relief.    (ECF No. 1.)    Petitioner asserts the following grounds for relief:  ineffective assistance of trial counsel (Ground One); sufficiency of

the evidence (Ground Two); prosecutorial misconduct (Ground Three); due-process violations in the competency proceedings (Ground Four); improper testimony by the State's expert (Ground Five); and actual innocence (Ground Six). (ECF No. 1, PageID #5–13; ECF No. 3, PageID #128–36.)

Respondent filed a response on February 28, 2022, arguing that the petition is time-barred, Petitioner failed to support his actual innocence claim with new or reliable evidence, Petitioner failed to exhaust his claims, and Petitioner's claims are procedurally defaulted. (ECF No. 11.) Petitioner filed a reply on March 24, 2022. (ECF No. 14.)

Also, Petitioner filed a motion for leave to conduct discovery on June 27, 2022. (ECF No. 18.) Respondent opposes that motion. (ECF No. 19.)

### D.    Report and Recommendation

On October 13, 2022, the Magistrate Judge issued a report and recommendation that the Court dismiss the petition as time-barred and deny Petitioner's motion for leave to conduct discovery as moot. (ECF No. 21, PageID #1637 & #1644.) Further, the Magistrate Judge recommends that the Court dismiss the petition because Grounds One, Two, Three, Four, and Five are procedurally defaulted and Ground Six is not cognizable as a standalone ground for relief. (*Id.*, PageID #1631–44.)

### E.    Objections to the Report and Recommendation

Petitioner timely objected to the report and recommendation. (ECF No. 22.) Throughout Petitioner's objections, he conflates the concepts of the limitations period, procedural default, and exhaustion. (ECF No. 22, PageID #1648–55.) *Pro se*

7

pleadings receive liberal construction and are held to less stringent standards than formal papers drafted by lawyers. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Accordingly, construing Petitioner's *pro se* pleading liberally, his objections are as follows.

First, Petitioner objects to the Magistrate Judge's factual conclusion that the victims' medical and social work records, as well as investigatory records, were available at trial. (*Id.*, PageID #1647.) Further, he objects to the Magistrate Judge's characterization of his arguments on this point as "conclusory statements." (*Id.*, PageID #1648.) He argues that because this evidence is new, the Court should consider his actual innocence claim on the merits. (*Id.*, PageID #1655–58.)

Second, he objects to the Magistrate Judge's determination that the statute of limitations bars his petition and recommendation not to apply equitable tolling. (*Id.*, PageID #1662–66.) Also, he objects to the Magistrate Judge's conclusion that Grounds One and Two are subject to the Anti-Terrorism and Effective Death Penalty Act because the State courts did not consider those grounds on the merits. (*Id.*, PageID #1649.)

Third, he objects that the Magistrate Judge applied the wrong standard to conclude that the procedural default rule applies to Ground One of the petition. (*Id.*, PageID #1649 & #1652.) He argues that his noncompliance with State procedural rules should be excused as to Ground One because he had cause for his noncompliance and enforcing the procedural default rule would cause him prejudice. (*Id.*, PageID #1649–52.) He argues that Ground Two is not procedurally defaulted

8

because the issue could be raised for the first time on collateral review.  (*Id.*, PageID #1654.)

Fourth, Petitioner restates his argument on the merits that Grounds One, Three, Four, and Five demonstrate that the State court unreasonably applied federal law.  (*Id.*, PageID #1660.)

Fifth, Petitioner objects that he was not afforded an evidentiary hearing, an issue which the Magistrate Judge's report and recommendation did not address.  (*Id.*, PageID #1666–67.)

Finally, Petitioner makes a policy argument objecting to the byzantine nature of federal habeas review as being nearly impossible for a *pro se* Petitioner to navigate. (*Id.*, PageID #1670.)

On November 4, 2022, Respondent filed a response to Petitioner's objections. (ECF No. 23.)  Respondent argues that Petitioner's objections are not proper because they do not identify specific mistakes of law or fact.  (*Id.*, PageID #1673.)  Also, Respondent argues that the Magistrate Judge correctly concluded that the petition is time-barred and inexcusably procedurally defaulted and that a standalone actual innocence claim is not a cognizable ground for relief.  (*Id.*, PageID #1675.)

## STANDARD OF REVIEW

A district court judge may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court," 28 U.S.C. § 636(b)(1)(B), of a petition for a writ of habeas corpus, which the Court does by local rule, *see* Local Rule 72.2.  When reviewing a report and

recommendation, if a party timely objects, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Objections must be specific, not general and should direct the Court's attention to a particular dispute. *Howard v. Secretary of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues— factual and legal—that are at heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

On review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Importantly, the Court's job is not to conduct a free-wheeling examination of the entire report and recommendation, but only to address any specific objections that a party has advanced to some identified portion of it. Accordingly, it is the Court's task in this matter to review the Magistrate Judge's report and recommendation de novo, based on the specific objections Petitioner raises.

### GOVERNING LEGAL STANDARD

Where a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States," he is entitled to a writ of habeas corpus. 28 U.S.C. §§ 2241(c)(3) & 2254(a). At bottom, the writ tests the fundamental fairness of the State court proceedings resulting in the deprivation of the petitioner's liberty. *See, e.g.*, *Brown v. Allen*, 344 U.S. 443, 463 (1953); *Powell v. Collins*, 332 F.3d 376, 388 (6th

Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)); *Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000).

> 28 U.S.C. § 2254(d) provides:
>
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"With the AEDPA, Congress limited the source of law for habeas relief to cases decided by the United States Supreme Court." *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000).

A State court adjudication is "contrary to" Supreme Court precedent under Section 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at a different result. *Williams*, 529 U.S. at 405. "Avoiding these pitfalls does not require citation of [Supreme Court] cases—indeed, it does not even require awareness of [the] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

Under Section 2254(d)(1), an unreasonable application of federal law is different than an incorrect application of federal law. *See Harrington v. Richter*, 562

11

U.S. 86, 101 (2011) (citing *Williams*, 529 U.S. at 410). A State court adjudication involves "an unreasonable application of" Supreme Court precedent under Section 2254(d)(1) in one of two ways: (1) if the State court identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular State prisoner's case; or (2) if the State court either unreasonably extends a legal principle from the Court's precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *See Williams*, 529 U.S. at 407.

Generally, a petitioner must demonstrate that he has "exhaust[ed] all available opportunities to pursue his claim in state court." *Gerth v. Warden, Allen Oakwood Corr. Inst.*, 938 F.3d 821, 826–27 (6th Cir. 2019). Further, a federal court may not consider a habeas petition unless a State prisoner has presented his claim to the State courts in accordance with their procedural rules. *See Shinn v. Ramirez*, 142 S. Ct. 1718, 1727 (2022). A petitioner may procedurally default a claim by failing to raise it in State court and pursue it through the State's appellate review procedures. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). If State law no longer allows the petitioner to raise or appeal the claim at the time of the habeas petition, the claim is procedurally defaulted. *Id.*; *see also Shinn*, 142 S. Ct. at 1727–28. Procedural default may be excused where a petitioner can show that an external factor prevented him from complying with the procedural rule at issue, through no fault of his own, and that the alleged constitutional violation resulted in actual prejudice. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

**ANALYSIS**

The Magistrate Judge recommends that the Court dismiss the petition without reaching the merits because it is time-barred and not subject to statutory or equitable tolling.  (ECF No. 21, PageID #1619–27.)  In the alternative, the Magistrate Judge recommends dismissal because Grounds One through Five are procedurally defaulted, and Ground Six is not cognizable as a standalone claim.  (*Id.*, PageID #1627–44.)  Petitioner timely filed several objections.  The Court addresses each in turn.

## I.  **Factual Objection**

Several of Petitioner's grounds for relief and objections rely on his assertion that he was unaware that certain medical, investigatory, and social work records related to the victims were available to him at trial.  (ECF No. 22, PageID #1647.)  These records form the basis, at least in part, for his ineffective assistance of counsel claim (Ground One), his evidentiary claim (Ground Two), his prosecutorial misconduct claim (Ground Three), and his actual innocence claim (Ground Six).  The Magistrate Judge found that these records were in fact available at trial, and the record shows that they were discussed at trial on direct and cross examination of witnesses, but not submitted as exhibits.  (ECF No. 21, PageID #1620–21; ECF No. 11-1, PageID #375.)  Petitioner objects to this determination because he has "on multiple occasions expressed that he was not given" these documents.  (ECF No. 22, PageID #1647.)  Further, he objects to the Magistrate Judge's characterization of his arguments on this point as "conclusory statements."  (*Id.*, PageID #1648.)

The Court agrees with the Magistrate Judge's determination of the facts. Based on a careful reading of the trial record, the Magistrate Judge concluded that there was testimony concerning these records at trial, although they do not appear to have been formally submitted as exhibits. (ECF No. 21, PageID #1626–27.) That practice at trial is not uncommon. Further, Petitioner's appellate counsel referenced the records in the briefing on Petitioner's direct appeal. (ECF No. 11-1, PageID #375.) The record does not support Petitioner's contention that he did not know about the records until after trial—he was present at his own trial where the records were discussed. For these reasons, the Court **OVERRULES** this objection to the Magistrate Judge's report and recommendation.

## II.    Statute of Limitations

The Magistrate Judge recommends that the petition be dismissed as untimely because it was filed outside the AEDPA's statute of limitations and because Petitioner has not established that he is entitled to equitable tolling. (ECF No. 21, PageID #1619–27.) Under the AEDPA, the one-year limitations period runs from the latest of several dates, including as relevant here the date the judgment becomes final or the date on which the factual predicate of the claims presented could have been discovered through the exercise of reasonable diligence. 28 U.S.C. § 2244(d)

Under certain circumstances, the one-year statute of limitations may be tolled. The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner did not specifically object to the Magistrate Judge's conclusion that statutory tolling does not

apply.  (ECF No. 21, PageID #1622–24.)  Instead, Petitioner objects to the Magistrate Judge's recommendation on the grounds that (1) the AEDPA does not govern his claims and (2) equitable tolling applies.  (ECF No. 22, PageID #1648–49 & #1662–66.)

## II.A.   Application of the AEDPA

Petitioner objects to the Magistrate Judge's application of the AEDPA, its statute of limitations, and the procedural default rule to Grounds One (ineffective assistance), Two (sufficiency of the evidence), and Six (actual innocence) of his petition, arguing that those grounds were not "adjudicated on the merits."  (ECF No. 22, PageID #1649.)  The State appellate court addressed his ineffective assistance and sufficiency of the evidence claims on the merits (ECF No. 11-1, PageID #504 & #506–07) and later on procedural grounds (*id.*, PageID #770–71).  For these reasons, the AEDPA's standard for granting relief under Section 2254 applies to Petitioner's claims, at least those for ineffective assistance of appellate counsel and sufficiency of the evidence.  Those claims might also be procedurally defaulted.  Therefore, the Court **OVERRULES** this objection.

## II.B.   Equitable Tolling

Because the statute of limitations is not jurisdictional, it is subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  A court may toll the statute of limitations "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010).  Courts grant equitable tolling sparingly and only where a habeas petitioner shows (1) he has pursued his rights diligently and (2) some extraordinary circumstance prevented a timely filing.  *Hall v. Warden,*

*Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland*, 560 U.S. at 649).  "The party seeking equitable tolling bears the burden of proving he is entitled to it."  *Robertson*, 624 F.3d at 784.

Petitioner objects to the Magistrate Judge's report and recommendation that he is not entitled to equitable tolling.  (ECF No. 22, PageID #1662.)  He argues that his ignorance of the filing deadline for a federal habeas petition should be excused and that he has otherwise been diligently pursuing his rights.  (ECF No. 22, PageID #1663.)  Regarding his lack of knowledge, Petitioner says he "has explained how he was not aware that he could even file a federal habeas corpus petition until he wrote the public defender's office years after" the statute of limitations expired.  (*Id.*)

The Court agrees with the Magistrate Judge that this explanation is not sufficient to warrant equitable tolling.  A petitioner's *pro se* status or ignorance of procedural requirements is "not sufficient to constitute an extraordinary circumstance and to excuse his late filing."  *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (citing *Hall*, 662 F.3d at 751–52; *Winkfield v. Bagley*, 66 F. App'x 578, 583 (6th Cir. 2003); *Williams v. Schweitzer*, No. 1:16-CV2676, 2017 WL 8894632, at *12 (N.D. Ohio June 14, 2017) (collecting cases).  Petitioner could benefit from equitable tolling where "he exercised due diligence in discovering his right to appeal" or shows that "he filed for habeas corpus within one-year from the time a person in his situation acting with due diligence would have discovered his right to appeal."  *McIntosh v. Hudson*, 632 F. Supp. 2d 725, 732 (N.D. Ohio 2009).  But the record here shows no such circumstance.  Petitioner's explanation that he did

16

not learn that he could file a federal habeas petition until he wrote to the public defender's office after the statute of limitations expired fails to meet this standard. He could have discovered the availability of federal habeas relief by other means. Also, he could have written the public defender's office earlier than eight years after the statute of limitations had run.  Petitioner presents no reason why he did not or could not do so.

The Magistrate Judge determined that Petitioner provided no evidence that he diligently pursued his rights.  (ECF No. 21, PageID #1625.)  Petitioner objects, pointing to his "multiple motions for new trial" as evidence of his diligence and arguing that filing his federal habeas petition, "whether late or not," is proof of his diligence.  (ECF No. 22, PageID #1663.)  This argument is unpersuasive.  Petitioner failed to appeal the State court's denial of either of his first two post-conviction petitions.  Also, between March 5, 2013 when the State court denied Petitioner's second motion for leave to file a motion for a new trial and October 6, 2020 when Petitioner filed his motion to vacate, he did not file a single motion.  (ECF No. 11-1, PageID #1661–62 & #1664–81.)  During this time, the statute of limitations ran. (ECF No. 21, PageID #1622–23.)  As discussed above, Petitioner could have written to the public defender's office during this period and learned about the availability of federal habeas, but he did not do so.  For these reasons, the Court agrees with the Magistrate Judge's conclusion that Petitioner has not acted diligently to pursue his rights.

In support of his objection, Petitioner argues that equitable tolling is appropriate because he should be afforded one full bite at the apple.  (ECF No. 22, PageID #1663–65.)  However, the cases Petitioner cites in support of this proposition do not concern equitable tolling.  *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–44 (1998) (holding that petitioner's habeas request for relief from his sentence of death based on incompetency was not a "second or successive petition"); *Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (holding that "a habeas petition that was filed after an initial petition was dismissed [as unexhausted] under *Rose v. Lundy* is not a 'second or successive petition'"); *Castro v. United States*, 540 U.S. 375, 377 (2003) (holding that the bar on "second or successive" petitions does not apply where the court recharacterizes a motion as one under Section 2255 without notice to the petitioner).  In any event, Petitioner may receive one full bite at the apple so long as he diligently pursues his rights by timely filing a habeas petition or otherwise showing why he could not have done so earlier.  Here, the record does not demonstrate that he has done so and does not support equitable tolling.

Accordingly, the Court **OVERRULES** Petitioner's objection and determines that Petitioner is not entitled to equitable tolling and his petition is, therefore, time-barred.

### II.C.  Actual Innocence Gateway

In Ground Six of his habeas petition, Mr. Jones argues that he is innocent of the crimes for which he was convicted.  (ECF No. 1, PageID #13.)  In some cases, a showing of actual innocence can create a gateway for a habeas petitioner to secure review of his constitutional claims even where those claims would otherwise be

procedurally barred.  *Schlup v. Delo*, 513 U.S. 298, 315 (1995); *see also McQuiggin v. Perkins*, 569 U.S. 383, 386–87 (2013).  However, the Magistrate Judge concluded that the actual innocence exception did not apply to Mr. Jones's petition because, as discussed above, he did not present new evidence of his innocence.  (ECF No. 21, PageID #1625–27.)

Petitioner objects to this recommendation, arguing that he has demonstrated entitlement to the actual innocence exception because he presented evidence of the complaining witnesses' inconsistent statements that raise sufficient doubt about the outcome of the trial given the constitutional violations Petitioner alleges.  (ECF No. 22, PageID #1655.)  In support of this position, Petitioner points to the medical, social work, and investigatory records as new evidence of his innocence.  (*Id.*, PageID #1657.)  Further, he points to the testimony of the complaining witnesses' and their mother, which was consistent with sexual abuse but not rape; the fact that the complaining witnesses' physical examinations were normal; and the testimony of one of the complaining witnesses that the offense took place outside the time period specified in the indictment.  (*Id.*)

Petitioner does not identify any specific error in the Magistrate Judge's legal determinations; rather he reiterates arguments that he raised in his petition an.  A general objection to a magistrate judge's report and recommendation, which fails to specify the issues of contention, does not satisfy the requirements for filing objections.  *Howard*, 932 F.2d at 509.  In any event, the record fails to establish that Ground Six of the petition meets the standard to excuse untimeliness under the AEDPA.

19

As the Court discussed above in overruling Petitioner's factual objection, the medical, social work, and investigatory records he presents as new evidence of his innocence are not new and were discussed at trial and in his briefing on direct appeal. The other evidence Petitioner identifies is trial testimony, which the jury heard and was able to consider in rendering a verdict. The actual innocence exception applies "in exceptional circumstances" where petitioner presents new evidence that "is so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 390, 395 & 401 (2013) (citing *Schlup*, 513 U.S. at 316.) Petitioner cannot make such a showing in reliance on evidence that was available at trial, and in some cases presented at trial.

Further, in *McQuiggin* the Supreme Court directed district courts to consider unjustifiable delay on petitioner's part as a factor in determining whether petitioner has reliably demonstrated innocence. *Id.* at 387. Petitioner waited nearly a decade after the statute of limitations ran to file his federal habeas petition. (ECF No. 12, PageID #1621.) For these reasons, the Court **OVERRULES** Petitioner's objection to the Magistrate Judge's determination that the actual innocence exception does not apply to his petition.

To the extent Petitioner attempts to proceed directly on a freestanding claim of actual innocence, the record does not support such an argument. At most, it shows that Mr. Jones sexually abused the victims. Such a claim lies only to vindicate a

petitioner's rights where he is factually innocent, and Mr. Jones cannot make such a showing here.

## III. Remaining Objections

Because Petitioner's habeas claims are time-barred, the Court has no occasion to consider the merits of his claims further. However, the Court makes two observations. *First*, even if any of Petitioner's claims were timely (none is), he would still have to overcome the procedural default bar. The Magistrate Judge determined that he cannot, and Petitioner objects. Based on an independent review of the record, the Court discerns no reason to believe that Petitioner did not procedurally default his claims on the merits. Although an ineffective assistance claim, which Petitioner brings in Ground One, can sometimes overcome a procedural default where petitioner can show cause and prejudice, Petitioner's claim would remain untimely under the statute of limitations. Further, the Magistrate Judge determined that Petitioner could not make a sufficient showing of cause and prejudice, and nothing in the Petitioner's objections or the record leads the Court to doubt that determination. *Second*, Petitioner argues that he should be afforded an evidentiary hearing or the opportunity to conduct discovery. (ECF No. 22, PageID #1666.) Because the Court determines that the petition is untimely, the Court **OVERRULES** this objection as **MOOT**.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections (ECF No. 22), **ADOPTS** the Report and Recommendation (ECF No. 21), and

**DENIES** the petition (ECF No. 1; ECF No. 3).  The Court **DENIES** as **MOOT**

Petitioner's motion for leave to conduct discovery.  (ECF No. 18.)

      **SO ORDERED.**

Dated:  July 31, 2023

 

                        J. Philip Calabrese
                        United States District Judge
                        Northern District of Ohio