UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LEVOYD A. JONES, | Case No. 3:21-cv-1767 |
| Petitioner, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jonathan D. Greenberg |
| WARDEN ED SHELDON, | |
| Respondent. | |

**OPINION AND ORDER**

On July 31, 2023, the Court overruled the objections of Petitioner Levoyd Jones to the Report and Recommendation of the Magistrate Judge and denied his petition for a writ of habeas corpus. (ECF No. 24.) On August 25, 2023, the Court denied a certificate of appealability (ECF No. 29), as did the Sixth Circuit (ECF No. 30). On October 8, 2024, the Supreme Court denied a writ of certiorari. (ECF No. 32.) Just over a month later, on November 12, 2024, Petitioner filed a motion under Rule 60(b), seeking to set aside the Court's judgment to allow him to argue the merits of his habeas petition. (ECF No. 33.) For the reasons that follow, the Court **DENIES** the motion.

BACKGROUND

Petitioner is serving two consecutive life sentences for the rape of two minors under the age of ten. (ECF No. 11-1, PageID #358–59.) After he was sentenced on September 15, 2009, Petitioner pursued appeals and post-conviction relief in the

State courts. (ECF No. 11-1, PageID #360, PageID #570–82, & PageID #631–633.) He concluded these efforts in 2013. (ECF No. 21, PageID #1617.)

Not until September 13, 2021, did Petitioner seek a writ of habeas corpus. (ECF No. 1, PageID #1.) The Magistrate Judge issued a Report and Recommendation that the Court deny each of Mr. Jones's claims of constitutional error as time-barred. (ECF No. 21, PageID #1644–45). Petitioner objected to the Magistrate's recommendation, and the Court reviewed those objections de novo. (ECF No. 22; ECF No. 24, PageID #1693.) The Court overruled Petitioner's objections, adopted the Magistrate Judge's report and recommendation, and denied each of Petitioner's claims as untimely and not subject to tolling. (ECF No. 24, PageID #1701.) Later the Court denied a certificate of appealability, finding that no reasonable jurist would find the untimeliness of his claims incorrect or even debatable. (ECF No. 29, PageID #1737.)

## ANALYSIS

Under Rule 60(b), on "just terms," a court may relieve a party from a final judgment for certain specified reasons. Petitioner seeks relief under Rule 60(b)(1), (4), and (6). (ECF No. 33, PageID #1745.)

**I.     Mistake, Inadvertence, Surprise, or Excusable Neglect**

Rule 60(b)(1) offers relief due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Although Mr. Jones claims that the Court's failure to address the merits despite his procedural default constitutes a mistake or inadvertence. (ECF No. 33, PageID #1747–48.) It does not. Indeed, the Court's ruling addressed the merits under the Antiterrorism and Effective Death Penalty Act

of 1996, noting only that his claims based on sufficiency of the evidence and ineffective assistance of counsel, among other claims, might also be procedurally defaulted. (ECF No. 24, PageID #1698.) Under the AEDPA, a federal court does not review the merits of a petitioner's claims de novo as if it were a State appellate court on direct appeal. There was no mistake in the Court's ruling.

## II. Void Judgment

Rule 60(b)(4) provides for relief where a judgment is void. Petitioner cites this provision of Rule 60 as a basis for relief from judgment (ECF No. 33, PageID #1745), but he makes no argument that the Court's judgment in his habeas case is, in fact, void. And the Court detects no jurisdictional or other defect rendering the judgment void. Therefore, this basis for relief is not available.

## III. The Catch-All Provision

Rule 60(b)(6) allows the court to relieve a party from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This catch-all provision authorizes relief only for reasons not set forth in one of the other provisions of Rule 60(b). *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Further, it only applies in "exceptional or extraordinary circumstances where principles of equity mandate relief." *West v. Carpenter*, 790 F.3d 693, 696–97 (6th Cir. 2015). Whether to grant relief under the Rule presents a case-by-case inquiry where a district court enjoys especially broad discretion. *Hopper*, 867 F.2d at 294.

Although Petitioner specifically invokes Rule 60(b)(6), he fails to make any argument showing that its invocation is proper to set aside the judgment denying his petition as untimely. (ECF No. 33, PageID #1747.) Based on his motion, the Court

3

finds no extraordinary circumstance that justifies setting aside the judgment. Although Petitioner purports to seek only review on the merits, the untimeliness of his petition implicates federal concerns that prompted Congress to impose the limitations period in the AEDPA and federalism concerns that promote the finality of his conviction.

*    *    *

Two last points.

First, to the extent Petitioner argues that the Court should have determined whether each specific ground for relief is time-barred instead of his petition as a whole (ECF No. 33, PageID #1748), he had the opportunity to raise that argument as part of his objections to the Magistrate Judge's Report and Recommendation. He points to no reason for his failure to do so then. So, the Court declines to consider it further now.

Second, Mr. Jones attempts to use the actual innocence gateway of *Schlup v. Delo*, 513 U.S. 298 (1995), to toll the limitations period. (ECF No. 33, PageID #1754.) Again, however, Petitioner mischaracterizes the Court's ruling. Contrary to Petitioner's claim, the Court did *not* treat his actual innocence argument as a freestanding claim under *Herrera v. Collins*, 506 U.S. 390 (1993). Instead, it treated his claim as an attempt to toll the statute of limitations under *Schlup*. (ECF No. 24, PageID #1702–03.) In any event, on the Court's review of the record, the Court again reaches the conclusion that he has not made a showing of actual innocence and is not entitled to tolling of the limitations period.

4

## CONCLUSION

For all these reasons, the Court **DENIES** Petitioner's motion for relief from judgment (ECF No. 33) and **DENIES AS MOOT** his motion for leave to proceed *in forma pauperis* (ECF No. 34) and his motion for an update on the status of the pending motion (ECF No. 37).  Pursuant to 28 U.S.C. § 2253, the Court finds that no ground exists for the issuance of a certificate of appealability of this ruling.

**SO ORDERED.**

Dated:  April 8, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio