UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LEVOYD A. JONES, ) | Case No. 3:21-cv-1767 |
| ) | |
| Petitioner, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | Jonathan D. Greenberg |
| WARDEN ED SHELDON, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**OPINION AND ORDER**

On July 31, 2023, the Court overruled the objections of Petitioner Levoyd Jones to the Report and Recommendation of the Magistrate Judge and denied his petition for a writ of habeas corpus. (ECF No. 24.) On August 25, 2023, the Court denied a certificate of appealability (ECF No. 29), as did the Sixth Circuit (ECF No. 30). On October 8, 2024, the Supreme Court denied a writ of certiorari. (ECF No. 32.) Just over a month later, on November 12, 2024, Petitioner filed a motion under Rule 60(b), seeking to set aside the Court's judgment to allow him to argue the merits of his habeas petition. (ECF No. 33.) The Court denied that motion on April 8, 2025. (ECF No. 38.) Then, Petitioner appealed. (ECF No. 39.)

Now, he again seeks reconsideration. (ECF No. 40.) This time, he seeks to set aside the judgment under Rule 60(b)(3), which allows a court to set aside a judgment due to a party's fraud or misconduct. This motion suffers from at least three fatal flaws. First, Petitioner previously sought to set aside the judgment under Rule 60. (ECF No. 33.) In that motion, he failed to make an argument under Rule 60(b)(3). In

his current motion, Petitioner points to no new evidence or to any circumstances that might have justified his failure to make this argument earlier. Second, under Rule 60(c)(1), a motion under Rule 60(b)(3) must be made within one year of the judgment at issue. That judgment was entered on July 31, 2023. (ECF No. 25.) Therefore, Petitioner's current motion is untimely. Third, Petitioner points to no fraud or misconduct in these habeas proceedings that would justify invocation of Rule 60(b)(3) in any event. Instead, he continues to contest his conviction in State court. But that conviction was not obtained in violation of Petitioner's constitutional rights.

Petitioner has now exhausted all reasonable efforts in federal court to challenge in conviction—and then some. The Court admonishes him not to continue his frivolous filings. Failure to heed this warning may result in sanctions, including restricted his ability to file additional motions or actions in this Court.

## CONCLUSION

For all these reasons, the Court **DENIES** Petitioner's motion to set aside judgment. (ECF No. 40.) Pursuant to 28 U.S.C. § 2253, the Court finds that no ground exists for the issuance of a certificate of appealability of this ruling.

**SO ORDERED.**

Dated: May 23, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio

2